IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREW DAVID MALTZ,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 10-C-2155 |
| | ) Judge Coar |
| **FEDERAL EXPRESS CORPORATION,** | ) Magistrate Judge Keys |
| | ) |
| Defendant. | ) |

---

**DEFENDANT FEDERAL EXPRESS CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS MOTION
FOR DISMISSAL PURSUANT TO RULE 12(b)(6)**

---

COMES NOW Defendant Federal Express Corporation ("hereinafter referred to as "FedEx") pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, and respectfully submits this Memorandum in Support of its Motion for Dismissal.

**I.     INTRODUCTION**

On March 15, 2010, Plaintiff Andrew Maltz filed a Complaint against FedEx over the late delivery of a shipment. The shipment was sent by Plaintiff in Chicago, Illinois to Leeds, United Kingdom. Plaintiff originally filed his Complaint in the Circuit Court of Cook County, Illinois, 1st Municipal District. FedEx was served with the Complaint on March 31, 2010 and subsequently removed the case to federal district court. Because the shipment was an international air cargo shipment, the shipment is governed by the *Convention for the Unification of Certain Rules Relating to International Transportation by Air*, October 12, 1929, 29 Stat. 3000 (1934), T.S. No. 876, 137 L.N.T.S. 11, reprinted in 49 U.S.C. §1502, note (1976) (Warsaw Convention as amended by the Montreal

Protocol No. 4). The *Montreal Protocol No. 4* (MP4), provides a two-year statute of limitations in which to file suit. Plaintiff has missed that deadline by eight years. In this case, F.R.C.P. 12(b)(6) applies, since Plaintiff cannot state a claim under which this court may grant relief.

## II. ARGUMENT

### A. Legal Standard For Motion To Dismiss

Rule 12(b)(6) of the *Federal Rules of Civil Procedure* provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff must now "nudge [its] claims across the line from conceivable to plausible" to avoid dismissal thereof. *Twombly*, 127 S. Ct. at 1960. A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. at 1964-65. Plaintiff's factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id*. at 1965. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id*. at 1969. The court need not accept as true legal conclusions or unwarranted factual inferences. *MacDermid v. Discover Financial Services*, 488 F.3d 721, 733 (6th cir. 2007).

### B.  This Action is Governed By The Warsaw Convention.

The Warsaw Convention, a treaty of the United States, governs all claims for damages arising out of the "international transportation of persons, baggage or goods performed by aircraft for hire" and "any action [arising therefrom] for damages, however, founded can only be brought subject to the limits and conditions of the Convention." 49 U.S.C.A. §1502 Note (1988); Warsaw Convention, Articles 1 (1) and 24 (1).[1] The Convention's terms and limitations specifically apply to the international carriage of goods by air between nations that are signatories to the Convention and its subsequent protocols. *Stud v. Trans Intern Airlines,* 727 F.2d 880, 881 (9th Cir. 1984); *Onyeanusi v. Pan American World Airways, Inc.,* 952 F.2d 788, 790 (3rd Cir. 1992). "The relevant contract of transportation and reference to the provisions of the Warsaw Convention determine the applicability of the Convention. Therefore, where the air waybill provides for transportation by air between certain designated terminals, the provisions of the Warsaw Convention apply to the transportation and determine the rights of the parties." *Recumar, Inc. v. KLM Royal Dutch Airlines,* 608 F. Supp. 795, 797 (S.D.N.Y. 1985).

---

[1] See also *Jack v. Trans World Airlines, Inc.,* 820 F. Supp. 1218 (N.D. Cal. 1993) ("the Warsaw Convention preempts state law causes of action, and not just remedies"); *Kenner Products-General Mills, Inc. v. the Flying Tiger Line, Inc.,* Civil No. 87C126, N.D. IL May 22, 1987 (1987 U.S. LEXIS 4304) (where the Convention applies, it provides an exclusive cause of action which preempts other state and federal law claims); *Sahar v. American Airlines,* Civil No. 93C3878, N.D. IL December 6, 1993 (1993 U.S. Dist. LEXIS 17592) (the Warsaw Convention provides the exclusive cause of action under Articles 18 and 19); *Jahanger v. Purolator Sky Courier,* 615 F. Supp. 29, 31 (E.D. PA 1985) (court rejected plaintiff's claim that New Jersey law governed the controversy concerning a late package and held that where Warsaw Convention applies, its limitations and theories of liability are exclusive); *Recumar, Inc. v. KLM Royal Dutch Airlines,* 608 F. Supp. 795 (S.D.N.Y. 1985) (Warsaw Convention provides exclusive mechanism for asserting damages claims for loss of goods where original and destination countries are parties to the Convention); *Eggink v. Trans World Airlines,* Civil No. 87 CIV 3404, S.D.N.Y. 1990 (1990 U.S. Dist. LEXIS 5880*)* (unpublished) (to the extent plaintiff's damages occurred during transportation by air, the federal cause of action under the Warsaw Convention is the exclusive cause of action); *Velasquez v. Aerovias Nacionales de Columbia, S.A.,* 747 F. Supp. 670, (S.D. Fla. 1990) (in reviewing the "inconclusive nature of the Convention" and the Convention's terms and conditions, the Court noted "Courts have unanimously held that the Warsaw Convention provides the exclusive action in lost packages and damaged goods cases").

The Complaint alleges that for the shipment at issue, the United States was the country of departure and the United Kingdom was the final destination. Both the United Kingdom and the United States are signatories to the Warsaw Convention, 49 U.S.C.A. App. §1502 Note (1988). Accordingly, this action is governed by the articles of the Warsaw Convention. This international treaty was adopted by proclamation of the President of the United States with the advice and consent of the U.S. Senate. The Warsaw Convention is part of the federal law of the United States, *Sulewski v. Federal Express Corporation,* 933 F.2d 180 (2nd Cir. 1991), and provides the exclusive remedy for actions against air carriers. *El al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 119 S.Ct. 662, 1999 U.S. LEXIS 505 (1999); *Fishman v. Delta Air Lines, Inc.,* 132 F.3d 138 (2d Cir. 1998). As a treaty, the Convention is the supreme law of the land. *Air France v. Saks,* 470 U.S. 392 (1985); *Dalton v. Delta Airlines,* 570 F.2d 1244, 1246 (5th Cir. 1978). The causes of action provided for therein preempt any parallel causes of action which might be recognized by the several states. U.S. Const. Art. IV ("Treaties made, or which shall be made under the Authority of the United States, shall be the supreme law of the land and the Judges in every state shall be bound thereby.") See *Ray v. Atlantic Richfield Co.,* 435 U.S. 151 (1978) (any state law in conflict with a treaty of the United States is invalid). An important and the most obvious purpose of the Convention was to set a <u>uniform</u> and <u>predictable</u> limit on a carrier's liability for lost cargo. *Trans World Airlines, Inc. v. Franklin Mint Corp.,* 466 U.S. 243 (1984); *El al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 119 S.Ct. 662, 1999 U.S. LEXIS 505 (1999).

### C. The Montreal Protocol No. 4 Amendment to the Warsaw Convention Governs This Action.

Montreal Protocol No.4 ("MP4") amended the Warsaw Convention and governs this action. This amendment to the Warsaw Convention became effective in the United States on March 4, 1999 and became effective in the U.K. on June 14, 1998.[2] FedEx is a federally certificated air carrier which transports cargo between the United States and the United Kingdom by air. According to Plaintiff's Complaint, FedEx transported the shipment at issue on or about March 10, 2000. Accordingly, MP4 applies to this shipment. The Complaint against FedEx was filed on or about March 15, 2010.

### D. This Matter is Time Barred as Against FedEx

The carriage took place in March, 2000. Plaintiff's Complaint alleges that he tendered the shipment to FedEx for delivery on or about March 10, 2000. Article 29 of MP4 states:

1. The right to damages shall be extinguished if an action is not brought within 2 (two) years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped.

According to Plaintiff's Complaint, the shipment was delivered 48-72 hours late, meaning the shipment was delivered on or about March 18, 2000. No suit was filed against FedEx until March 15, 2010, eight years too late. Numerous courts have upheld the Convention's two-year statute of limitation. See: *Marotte v. American Airlines*, 296 F3d 1255 (11th Cir. 2002); *King v. American Airlines*, 284 F3d 352 (2nd Cir. 2002); *Redl v. Northwest Airlines*, 22 Fed.Appx. 652, U.S. App. LEXIS 23702 (8th Cir. 2001); *Blake v. American Airlines*, 245 F3d 1213, (11th Cir. 2001). See also *Sanchez-Morrabal v.*

---

[2] See ICAO List of Parties to the MP4 Protocol and Amendment to the Warsaw Convention (Attached as Exhibit 1).

*Omni Air Services.*, Co., 497 F. Supp. 2d 280, (D. P.R. 2007)(Suit filed three years after shipment is one year late and thus "fatally flawed".); *Husmann v. TWA*, 169 F.3d 1151 (8th Cir. 1999)(Appellate court upheld district court's dismissal based on failure to bring suit within the two-year requirement established by the Warsaw Convention).  The two-year statute of limitations established by the Warsaw Convention and MP4 is enforceable.  Plaintiff's Complaint was filed eight years after this two-year filing period expired.

### III.   CONCLUSION

For the foregoing reasons, FedEx respectfully requests that this court dismiss Plaintiff's Complaint under F.R.C.P. 12(b)(6) based on Plaintiff's failure to bring suit against FedEx within the applicable statute of limitations.  Plaintiff missed the time to file suit in this case by eight years, and thus cannot state a legal claim under which relief may be granted.

DATED this 8th day of April, 2010.

      /s/     Patrick J. Keating
Patrick J. Keating (ARDC No. 6211380)
Edward C. Eberspacher (ARDC 6286085)
O'Hagan Spencer LLC
One E. Wacker Drive, Suite 3400
Chicago, IL 60601
PH:     312-422-6100
pkeating@ohaganspencer.com
teberspacher@ohaganspencer.com

Thomas W. Murrey, Jr., Esq.
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee  38125
Telephone:  (901) 434-8558

Attorneys for Defendants
Federal Express Corporation

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid this the 8th day of April 2010 to:

        Andrew Maltz
        6630 N. Richmond
        Chicago, Illinois 60645

        /s/     Patrick J. Keating
        Patrick J. Keating (ARDC No. 6211380)
        Edward C. Eberspacher (ARDC 6286085)
        O'Hagan Spencer LLC
        One E. Wacker Drive, Suite 3400
        Chicago, IL 60601
        PH:     312-422-6100
        pkeating@ohaganspencer.com
        teberspacher@ohaganspencer.com

        Thomas W. Murrey, Jr., Esq.
        Federal Express Corporation
        3620 Hacks Cross Road
        Building B, Third Floor
        Memphis, Tennessee  38125
        Telephone:  (901) 434-8558

        Attorneys for Defendants
        Federal Express Corporation