Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2155 | **DATE** | 7/1/2010 |
| **CASE TITLE** | Andrew David Maltz vs. Federal Express Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion to dismiss [5] is GRANTED. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

  On March 15, 2010, Plaintiff Andrew Maltz ("Maltz") filed a complaint against Federal Express Corporation ("FedEx") for the late delivery of a shipment from Chicago, Illinois to Leeds, United Kingdom. He claims that he brought a package to FedEx on March 10, 2000, and although FedEx promised him that the package would be delivered within 48 hours, FedEx failed to deliver the package within the promised time-frame. (Maltz never states exactly when his package was delivered, but his complaint suggests that it was delivered between 48 and 72 hours late.) FedEx currently moves to dismiss Maltz's complaint as untimely. Although the Court granted Maltz an extension on responding to FedEx's motion, Maltz never filed a response.

  On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations in the plaintiff's complaint as true and draws all possible inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must comply with Fed. R. Civ. P. 8(a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The complaint must "state a claim that is plausible on its face," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007), which means that it demonstrates "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. The plaintiff's factual allegations need not be "detailed," but they must include more than "labels and conclusions" in order to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)) (internal quotation marks omitted).

  FedEx argues that Maltz's complaint must be dismissed as untimely. The Court agrees. This dispute is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 1929 (the "Warsaw Convention"), 49 Stat. 3000 (1934), 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.

| STATEMENT |
|---|
| § 40105 (note), as amended by the Montreal Protocol. The Warsaw Convention governs all claims for damages arising out of the "international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention, Art. 1. A treaty adopted by the United States, the Warsaw Convention provides the exclusive remedy for actions against international air carriers. *See El al Israel Airlines v. Tsui Yua Tseng*, 525 U.S. 155 (1999); *King v. American Airlines*, 284 F.3d 352, 356-57 (2d Cir. 2002). Under the Warsaw Convention, actions for damages must be brought within two years. Warsaw Convention Art. 29; *see Marotte v. American Airlines*, 296 F.3d 1255, 1261 (11th Cir. 2002). Since Maltz did not file the instant action until March 15, 2010, his lawsuit is approximately eight years too late. Accordingly, Maltz's complaint is dismissed as untimely. |
| CB(LC) |